UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terese M. Sovis, | Civil No. 12-2027 (DWF/LIB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| The Bank of New York Mellon Corporation; and Saxon Mortgage Services, Inc., | |
| Defendants. | |

_____

Daniel M. Eaton, Esq., Christensen Law Office PLLC, counsel for Plaintiff.

David R. Mortensen, Esq., Wilford, Geske & Cook, PA, counsel for The Bank of New York Mellon Corporation.

Michael J. Steinlage, Esq., Larson King, LLP, counsel for Saxon Mortgage Services, Inc.
_____

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Saxon Mortgage Services, Inc. ("Saxon") (Doc. No. 6) and a Motion to Dismiss brought by The Bank of New York Mellon Corporation ("BONYM") (Doc. No. 10). For the reasons stated below, the Court grants the motions.

## BACKGROUND

Plaintiff Terese M. Sovis ("Plaintiff") brought a previous action (Civil No. 11-2253) to enforce a loan modification and to challenge the October 2009 foreclosure of her mortgage ("*Sovis I*"). All counts in *Sovis I* were dismissed with

prejudice, with the exception of Plaintiff's cause of action for negligent misrepresentation, which was dismissed without prejudice. (*Sovis I*, Doc. No. 20.) The Court denied a request by Plaintiff to file a motion to reconsider. (*Sovis I*, Doc. No. 24.) Plaintiff subsequently commenced the present action, alleging a single claim for negligent misrepresentation. (Doc. No. 1, Ex. 1 ("Verified Compl.").)

On May 17, 2006, Plaintiff executed a $227,000 mortgage in favor of PrimeSource Funding ("PrimeSource") that secured a lien for residential property on Walnut Lane Northeast in Miltona, Minnesota (the "Property"). (Verified Compl. ¶¶ 7-9, Ex. B.) The mortgage was later assigned to the Bank of New York, as Successor Trustee for JPMORGAN CHASE BANK, N.A., as Trustee for NovaStar Mortgage Funding Trust, Series 2006-3 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2006-3, an assignment which was recorded on January 23, 2009. (*Id.* ¶ 10.) Saxon acted as servicer of Plaintiff's mortgage loan and as attorney in fact for BONYM. (*Id.* ¶¶ 13, 24.) Plaintiff alleges that Saxon is an agent of BONYM. (*Id.* ¶ 13.)

In the summer of 2008, Plaintiff contacted Saxon to inquire about a loan modification. (*Id.* ¶¶ 14-15.) Plaintiff alleges that she submitted modification paperwork to Saxon, but that several weeks later, Saxon indicated that the modification paperwork had been lost. (*Id.* ¶¶ 17-18.) Plaintiff alleges that in December 2008, she spoke to a manager at Saxon who told her that Saxon would send another modification package within two weeks. (*Id.* ¶ 19.) Plaintiff alleges that she did not receive the modification package and followed up with Saxon to no avail. (*Id.* ¶ 20.) In February 2009, Plaintiff saw a notice of foreclosure sale of the Property listed in a local paper, indicating that a

2

Sheriff's Sale would occur on March 26, 2009. (*Id*. ¶ 21.)  Plaintiff asserts that she again contacted Saxon, and that a representative of Saxon indicated that Saxon would send out modification paperwork. (*Id*. ¶ 22.)  Plaintiff also asserts that Saxon cancelled the March 26, 2009 Sheriff's Sale. (*Id*. ¶ 23.)

Plaintiff alleges that Saxon sent her a Loan Modification Agreement dated February 24, 2009. (*Id*. ¶ 24, Ex. C.)  The Loan Modification Agreement provided that Plaintiff would make monthly payments of $857.66 plus escrow on the first day of each month beginning on May 1, 2009. (*Id*. ¶¶ 24, 29 & Ex. C at 2.)  Plaintiff asserts that the terms of the loan modification:  (1) included a 1.750% interest rate until April 1, 2014; (2) waived interest on the "Stated Balloon Amount" of $12,476.45 due on the loan and provided that this amount would not be due until June 1, 2036; (3) provided that the principal and interest payment would be $857.66; and (4) provided that Saxon represented that it would accept payments from Plaintiff under the Loan Modification Agreement. (*Id*. ¶¶ 26-30.)  Plaintiff alleges that she signed the Loan Modification Agreement, returned it to Saxon, and made one payment. (*Id*. ¶ 34.)[1]  Plaintiff also alleges that Saxon returned the payment to Plaintiff. (*Id*. ¶ 36.)  Plaintiff's Property was sold in a Sheriff's foreclosure sale on October 9, 2009. (*Id*. ¶ 42.)

Plaintiff filed this second lawsuit, alleging a single claim of negligent misrepresentation, asserting that Defendants made misrepresentations that it would

---

[1]  While Plaintiff alleges that she signed the Loan Modification Agreement, the copy of the Loan Modification Agreement attached to the Verified Complaint contains no signatures.

follow the terms set forth in the Loan Modification Agreement. (Verified Compl. ¶¶ 61-68.) Plaintiff seeks relief in the form of an order setting aside the Sheriff's Sale and requiring specific performance of the Loan Modification Agreement. Both Saxon and BONYM move to dismiss the action.

## DISCUSSION

**I.     Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp.*, 186 F.3d at 1079.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,"

4

will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.   Negligent Misrepresentation

Plaintiff brought a negligent misrepresentation claim in *Sovis I*, which this Court dismissed without prejudice. In *Sovis I*, Plaintiff argued that Saxon told Plaintiff that she was approved for a loan modification, and that Saxon would hold off on the foreclosure sale while that modification was finalized. (*Sovis I*, Doc. No. 15 at 19-20.) The modification upon which Plaintiff based her initial negligent misrepresentation claim in *Sovis I* was allegedly sent to Plaintiff on or around July 13, 2009. (*Sovis I*, Doc. No. 4, Ex. H ¶¶ 28-29.) In *Sovis I*, Plaintiff claimed that Saxon approved her for a temporary loan modification wherein Plaintiff would make payments of $1,400 per month, and that Saxon represented that the foreclosure sale would be put on hold because of the modification. (*Id*. ¶¶ 28-30.) Plaintiff also asserted, in *Sovis I*, that she made the first $1,400 payment, but that Saxon returned the payment. (*Id*. ¶¶ 31, 32.)

In *Sovis I*, the Court held, among other things, that Plaintiff's negligent misrepresentation allegations lacked the particularity required under Rule 9(b) and dismissed Plaintiff's negligent misrepresentation claim without prejudice. The Court explained that:

> Because it is conceivable that Plaintiff could allege a claim of negligent misrepresentation against Saxon with the particularity required by Rule 9(b) with respect to specific representations regarding postponement

5

of the sheriff's sale, the Court dismisses the claim without prejudice. The
Court notes, however, that the Amended Complaint is substantially lacking
in its current form.

(Doc. No. 20 at 9 n.4.)

Defendants argue that Plaintiff's present negligent misrepresentation claim is barred by the doctrine of res judicata and otherwise fails to state a claim for relief.

### A.   Res Judicata

"The doctrine of res judicata applies to repetitive suits involving the same cause of action." *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001). Res judicata, specifically, bars litigants from bringing claims on grounds that were raised *or could have been raised* when: (1) a court of competent jurisdiction rendered the prior judgment; (2) the prior judgment was a final judgment on the merits; and (3) both cases involved the same cause of action and the same parties or their privies. *Banks v. Int'l Union Elec., Elec., Tech., Salaried and Machine Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). A claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim. *Id.*

Plaintiff claims to have filed the present lawsuit "in accordance with the order [in *Sovis I*] . . . re-alleging her claim of negligent misrepresentation." (Verified Compl. ¶ 59.) However, Count I of her Verified Complaint in the present action falls outside of the narrow window left open by the Court with respect to Plaintiff's negligent misrepresentation claim. The Court left open the opportunity for Plaintiff to plead with sufficient particularity her negligent misrepresentation claim "with respect to specific

6

representations regarding postponement of the sheriff's sale." Instead of doing so, Plaintiff bases her negligent misrepresentation claim on the terms of a purported February 2009 modification and related payment that were not relied upon in *Sovis I*. Plaintiff is, therefore, attempting to repackage her already rejected loan modification claims using a different set of communications than those relied upon by Plaintiff in *Sovis I*. In doing so, Plaintiff simply attempts to establish the existence of a loan modification claim labeled as one for negligent misrepresentation, using factual allegations that could have been made in *Sovis I*. Because the Court already rendered judgment on Plaintiff's loan modification claims against Defendants, and because the allegations in her current complaint could have been raised previously, the Court concludes that Plaintiff's negligent misrepresentation claim is barred by res judicata.[2]

### B. Failure to State a Claim

Even if Plaintiff's new negligent misrepresentation claim[3] were properly before the Court, it would be rightfully dismissed for failure to state a claim upon which relief

---

[2] Plaintiff argues that res judicata does not apply because her negligent misrepresentation claim was dismissed without prejudice. The Court disagrees. Plaintiff's present cause of action is simply a repackaged attempt to revive her previous loan modification claims that were dismissed with prejudice in *Sovis I*.

[3] Under Minnesota law, a person makes a negligent misrepresentation when:

> (1) in the course of his or her business, profession, or employment, or in a transaction in which he or she has a pecuniary interest, (2) the person supplies false information for the guidance of others in their business transactions, (3) another justifiably relies on the information, and (4) the person making the representation has failed to exercise reasonable care in

(Footnote Continued on Next Page)

can be granted.  First, Plaintiff's reliance on the February Loan Modification Agreement is precluded by Minnesota's Credit Agreement statute, which bars the enforcement of loan modifications[4] that are neither in writing nor signed by both the creditor and the debtor.  *See* Minn. Stat. § 513.33, subd. 2. ("A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.").  *See also Greuling v. Wells Fargo Home Mortg., Inc.*, 690 N.W.2d 757, 761–62 (Minn. Ct. App. 2005) (explaining that "claims on agreements falling under section 513.33 fail as a matter of law if the agreement is not in writing"). The crux of Plaintiff's argument is that she was promised, via the Loan Modification Agreement, a modification that would have resulted in payments of $857.66 per month and that Defendants failed to honor that agreement.  Thus, Plaintiff is seeking to enforce an alleged oral loan modification.  To be enforceable, the Loan Modification Agreement must be in writing and signed by the creditor and the debtor.  There is no dispute that it was not.  Accordingly, it is not legally enforceable under Minnesota law.

---

(Footnote Continued From Previous Page)

obtaining or communicating the information.

*Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 369 (Minn. 2009).

[4]   A loan modification constitutes a credit agreement. *See, e.g., Myrlie v. Countrywide Bank*, 775 F. Supp. 2d 1100, 1108–09 (D. Minn. 2011).

Second, Plaintiff's Verified Complaint does not sufficiently allege the elements of negligent misrepresentation, as left open by the Court in *Sovis I*. Allegations of negligent misrepresentation must be pled with particularity. *See Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010). Plaintiff's Verified Complaint simply does not allege sufficient facts to support her claim that Saxon affirmatively represented that the foreclosure sale would not occur on October 9, 2009.

For all of the above reasons, the Court grants Defendants' motions and dismisses Plaintiff's claim for negligent misrepresentation with prejudice.[5]

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Saxon's Motion to Dismiss (Doc. No. [6]) is **GRANTED**.

2. BONYM's Motion to Dismiss (Doc. No. [10]) is **GRANTED**.

3. Plaintiff's Verified Complaint (Doc. No. [1, Attach. 1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 5, 2013              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

---

[5]  Because Plaintiff's claims against BONYM derive solely from the alleged actions of Saxon, as the loan servicer for BOYNM, and because Plaintiff asserts that Saxon is an agent of BONYM, the Court's dismissal extends to both Saxon and BONYM.